**Larry Dwayne HIRSCH,
Plaintiff–Appellant,**

v.

**David FORTNER, Physician Assistant,
Powledge Unit; Kenneth Love, MD,
Powledge Unit; Dr. Unidentified Gre-
zula, Orthro–Specialist, Galveston
Hospital; Warden Unidentified Blev-
ins, Warden, Powledge Unit, Defen-
dants–Appellees.**

No. 05–40682
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 27, 2006.

Appeal from the United States District
Court for the Eastern District of Texas,
USDC No. 6:04–CV–42.

Before DAVIS, BARKSDALE, and
BENAVIDES, Circuit Judges.

PER CURIAM: *

Larry Dwayne Hirsch, former Texas
prisoner # 1070146, appeals from the dis-
missal of his 42 U.S.C. § 1983 suit. *See* 28
U.S.C. § 1915A. Under § 1915A(b)(1), a
district court is to review a prisoner's com-
plaint and to dismiss the complaint if it "is
frivolous, malicious, or fails to state a claim
upon which relief may be granted."
§ 1915A(b)(1). This court reviews dis-
missals under § 1915A *de novo*. *See Geig-
er v. Jowers,* 404 F.3d 371, 373 (5th Cir.
2005).

Hirsch argues that Physician Assistant
Fortner, Dr. Love, Warden Blevins, Dr.
Stovo, Dr. Reimer, and Dr. Murray were
deliberately indifferent to his serious medi-
cal needs. Hirsch has failed to demon-
strate that the defendants were deliberate-
ly indifferent to a serious medical need.
*See Domino v. Texas Dep't of Criminal
Justice,* 239 F.3d 752, 756 (5th Cir.2001).
To the extent that Hirsch sued Dr. Love,
Warden Blevins, Dr. Stovo, Dr. Reimer,
and Dr. Murray in their supervisory capac-
ities, Hirsch has not shown the defendants'
personal involvement in a constitutional
deprivation. *See Thompkins v. Belt,* 828
F.2d 298, 303–04 (5th Cir.1987).

Hirsch argues that the magistrate judge
prevented him from filing an amended
complaint. A *Spears*\*\* hearing is "in the
nature of an amended complaint or a more
definite statement." *Adams v. Hansen,*
906 F.2d 192, 194 (5th Cir.1990). At the
*Spears* hearing, the magistrate judge al-
lowed Hirsch to amend his complaint oral-
ly, which he did, adding three defendants.
Hirsch does not suggest that he attempted
to file an amended complaint after the
hearing. Hirsch also argues that the mag-
istrate judge should have appointed a med-
ical expert prior to dismissing his claims,
but Hirsch has not demonstrated that ex-
pert testimony was warranted prior to the
dismissal as frivolous under § 1915A.

Hirsch does not challenge the district
court's order, stayed pending appeal, sev-
ering and transferring his claims against
Dr. Grezula. By failing to address the
district court's order severing and trans-
ferring his claims against Dr. Grezula,

---

\* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

\*\* *Spears v. McCotter,* 766 F.2d 179 (5th Cir.
1985).

Hirsch has abandoned the issue for purposes of appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, the judgment of the magistrate judge is AFFIRMED. Any other requested relief is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.